FILED
2016 Jul-18  AM 10:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| SHARON STANDIFER, individually and d/b/a SUPERIOR OFFICE SOLUTIONS, <br><br> PLAINTIFF, <br><br> VS. <br><br> BEST BUY STORES, L.P. <br><br> DEFENDANT. | § § § § § § § § § § § § <br><br> Case No.: <br><br> TRIAL BY JURY DEMANDED |

## COMPLAINT

### STATEMENT OF THE PARTIES

1. Plaintiff Sharon Standifer is over the age of nineteen (19) years and a resident citizen of Tuscaloosa County, Alabama.

2. Plaintiff is the owner and operator of Superior Office Solutions "Superior," an accounting and business consulting company headquartered in Tuscaloosa County, Alabama.

3. Defendant Best Buy Stores, L.P. "Best Buy," is a foreign corporation doing business by agent in Alabama. The Defendant has a commercial business in Tuscaloosa County, Alabama.

### ALLEGATION OF FEDERAL COURT JURISDICTION

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) as Defendant Best Buy is considered a citizen of Minnesota, Plaintiff Standifer is a citizen of Alabama; the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. The Court has supplemental jurisdiction over the subject matter of the state law causes of action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) and (3) because the events giving rise to this cause of action occurred within the Northern District of Alabama, Western Division.

## FACTUAL ALLEGATIONS

7. On August 15, 2015, the Plaintiff, Sharon Standifer, acting individually and on behalf of Superior, purchased a new Lenova computer from the Best Buy location in Tuscaloosa, Alabama.

8. As part of the bargain, Defendant was to transfer information and data from Plaintiffs' existing computer to the Lenova computer.  During the transition, Defendant took temporary possession of Plaintiffs' old computer, a Thinkcentre, for the purpose of transferring the contents of Plaintiffs' hard drive on the Thinkcentre computer to Plaintiffs' new Lenova computer.  Plaintiffs' original computer contained sensitive personal information and financial information of forty-six of Plaintiffs' clients, other businesses for whom Plaintiffs were working.

9. Over the next nine days Defendant represented to Plaintiffs that the transfer had not been done, but would be done soon. Defendant offered various excuses for the delay in transferring the data to the Lenova computer.

10. Defendant's agents and employees failed to investigate what was causing the delay and what, if anything, was being done to Plaintiffs' old and new computers from August 15, 2015, until Plaintiffs original computer was retrieved and the purchase of the Lenova was cancelled on August 24, 2015. During that period of time, Defendant's employees negligently, wantonly, or recklessly allowed sensitive, private information of the Plaintiffs' to be transferred from Plaintiffs' original computer onto at least one other computer, not the Lenova Plaintiffs purchased.

11. In the alternative to the allegations of paragraph ten, Plaintiffs allege that the Defendant acted negligently, wantonly and/or recklessly in allowing an unknown non-employee third party to breach the Defendant's internet security system and "hack" into Defendant's computer system and steal and publish Plaintiffs' sensitive personal information and Plaintiffs' clients' financial information.

12. On August 24, 2015, Plaintiff cancelled the purchase of the Lenova due to the unreasonable delay in transferring the data, after having again been informed by Defendants employees that no file transfer had yet occurred. Plaintiffs

requested and received a refund of the purchase price and Defendant returned Plaintiffs' old computer to Plaintiff.

13. Defendant subsequently sold a "new" Mac computer to another customer which contained the Plaintiffs' sensitive private and business information which had been stored on Plaintiffs' hard drive files.

14. The Plaintiffs' computer files and private data published by Defendant included the confidential business files, financial information and tax returns of forty-six (46) or more of Plaintiffs' clients.

15. The Plaintiffs' computer files published by Defendant also included information of an extremely personal nature to Sharon Standifer.

16. Plaintiffs were informed on or around November 24, 2015 by the new Mac computer owner that private information from Plaintiffs' computer was on the Mac computer.

17. The reckless publication of Plaintiffs' information has caused irreparable harm to Superior Office Solution's business, its business reputation, as well as substantial embarrassment and emotional distress to Sharon Standifer. The Plaintiffs' business customers had to be notified of the information breach.

18. It is unknown how many other computers the Defendant may have sold which also contain the Plaintiffs' personal and business information.

## COUNT I
## (BREACH OF CONTRACT)

19. Plaintiffs adopt and incorporate paragraphs 7-15 and 17 by reference into this count.

20. Defendant was bound by an express and implied contract to transfer the existing information and data from Plaintiffs' old computer to Plaintiffs' new computer and to safeguard Plaintiffs' information.

21. Defendant failed to perform its express and implied promise to sell Plaintiffs a new computer and to safely transfer Plaintiffs' private and professional information onto the new computer.

22. As a direct and proximate result of Defendant's breach of contract and misrepresentations, the Plaintiffs have been damaged financially as alleged in the facts of this complaint, and specifically in paragraph 17.

**WHEREFORE, THESE PREMISES CONSIDERED,** Plaintiffs demand judgment against Defendant, for compensatory damages, plus interest and costs, in an amount to be determined by a jury.

## COUNT II
## (BREACH OF FIDUCIARY DUTY)

23. Plaintiffs adopt and incorporate paragraphs 7-17 by reference into this count.

24. Because of the trust, confidence, and reliance placed in Defendant to handle confidential computer files with expertise and discretion, Defendant was bound in a professional fiduciary relationship with Plaintiffs.

25. Defendant knowingly accepted Plaintiffs' trust in proceeding to accept and transfer Plaintiffs' confidential files.

26. Defendant breached their fiduciary relationship with Plaintiffs by acting in a manner adverse to Plaintiffs' best interests when Defendant sold a computer containing Plaintiffs' files to at least one other customer.

27. As a direct and proximate result of Defendant's breach of fiduciary relationship and misrepresentations, the Plaintiffs have been damaged financially as alleged in the facts of this complaint, and specifically in paragraph 17.

**WHEREFORE, THESE PREMISES CONSIDERED,** Plaintiffs demand judgment against Defendant, for compensatory and punitive damages, plus interest and costs, in an amount to be determined by a jury.

## COUNT III
## (CONVERSION)

28. Plaintiffs adopt and incorporate paragraphs 7-17 by reference into this count.

29. During the time Plaintiffs' computers were in Defendant's possession, Defendant did wrongfully take, hold, convert, and interfere with Plaintiffs' private information and computer files.

30. As a direct and proximate result of Defendant's wrongful use of Plaintiffs' property, and Defendant's misrepresentations, the Plaintiffs have been damaged financially as alleged in the facts of this complaint, and specifically in paragraph 17.

**WHEREFORE, THESE PREMISES CONSIDERED,** Plaintiffs demand judgment against Defendant, for compensatory and punitive damages, plus interest and costs, in an amount to be determined by a jury.

### COUNT IV
### (FRAUD)

31. Plaintiffs adopt and incorporate paragraphs 7-17 by reference into this count.

32. The security of Plaintiffs' data was a material element of the dealings between Plaintiffs and Defendant.

33. On August 15, 2015 an employee of Defendant represented that it could and would safely transfer Plaintiffs' information and files from Plaintiffs' existing computer to the Lenova computer Plaintiffs purchased.

34. Between August 21, 2015 and August 23, 2015, Plaintiffs were told on several occasions nothing had been done, but that the transfer of information and data to the new Lenova computer would be done soon. At one point Plaintiffs were told by the Defendants employee that he would get the supervisor to make it a priority to be done by the next Sunday, August 23, 2015.

35. On or about August 23, 2015, a Best Buy employee told Plaintiff Sharon Standifer that the new computer was being run through virus testing to make sure the data on the new computer had not been compromised. That statement was false and was in direct conflict with a statement given to Plaintiffs later that day by Defendant's employee that due to a backlog the transfer had not occurred.

36. The Defendant knew or should have known that a privacy breach had occurred and/or that an unauthorized copy of Plaintiffs' hard drive files had been made. The representations contained in paragraphs 33-35 by Defendant were false and were negligently, or wantonly or recklessly made.

37. Defendant's representations to the Plaintiffs were false. In fact, Plaintiffs' data was not secure and had been transferred to at least one other computer.

38. Plaintiffs reasonably relied upon Defendant's representations contained in paragraphs 33-35 and undertook no inspection of the Lenova computer or investigation of the safety of the data contained on Plaintiffs' existing computer, nor did Plaintiffs retrieve the original computer.

39. As a direct and proximate result of Defendant's misrepresentations, the Plaintiffs have been damaged financially as alleged in the facts of this complaint, and specifically in paragraph 17.

**WHEREFORE, THESE PREMISES CONSIDERED,** Plaintiffs demand judgment against Defendant, for compensatory and punitive damages, plus interest and costs, in an amount to be determined by a jury.

### COUNT V
### (FRAUDULENT SUPPRESSION/ SUPPRESSION)

40. Plaintiffs incorporate paragraphs 7-16 and 31-38 by reference as if set out here in full detail.

41. Defendant suppressed from the Plaintiffs material facts as follows:

   a) Defendant suppressed from the Plaintiffs that Defendant had worked on Plaintiffs' computer(s) and had negligently and/or wantonly and/or recklessly transferred Plaintiffs' personal and business information on to another computer and had published Plaintiffs' computer files to at least one unauthorized computer;

   b) Defendant suppressed from the Plaintiffs that Defendant failed to, and/or was unable to, adequately control and protect Plaintiffs' confidential computer files.

   c) Defendant suppressed from the Plaintiffs that Plaintiffs' computer files and private information had in fact been transferred to at least one other computer.

42. These suppressions were false and fraudulent in nature.

43. As a result of these material facts being suppressed, Plaintiffs made no effort to retrieve the original computer or cancel the purchase of the Lenova until August 24, 2015.  As a result of this unauthorized transfer and unreasonable delay, Plaintiffs' personal and private information was disseminated and published without Plaintiffs' consent.

44. Plaintiffs learned that these material facts had been suppressed from them on November 24, 2015.

45. As a direct and proximate result of these fraudulent suppressions and misrepresentation, the Plaintiffs have been injured as set out in the facts of this complaint, and specifically in paragraph 17.

**WHEREFORE, THESE PREMISES CONSIDERED,** Plaintiffs demand judgment against Defendants, for compensatory and punitive damages, plus interest and costs, in an amount to be determined by a jury.

## PLAINTIFFS DEMAND TRIAL BY STRUCK JURY

Respectfully submitted,

*/s/Robert F. Prince*
Robert F. Prince (ASB-2570-C56R)
*/s/D. Blake Williams*
D. Blake Williams (ASB-3728-P52O)
Prince, Glover & Hayes
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, Alabama 35406
Phone: (205) 345-1234

Fax: (205) 752-6313
Email: rprince@princelaw.net
bwilliams@princelaw.net

## **COMPLAINT TO BE SERVED BY CERTIFIED MAIL**

Best Buy Stores, L.P.
c/o Registered Agent CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104